Mark P. Widoff, Consumer Advocate, Petitioner v. Pennsylvania Public Utility Commission, Respondent.

Argued February 6, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., ROGERS, BLATT, DISALLE and CRAIG. Judges MENCER and MACPHAIL did not participate.

*David A. Ody,* Assistant Consumer Advocate, with, him *Mark P. Widoff,* Consumer Advocate, for petitioner.

*Julian S. Suffian,* Assistant Counsel, with him *Steven A. McClaren,* Deputy Chief Counsel, and *George M. Kashi,* Chief Counsel, for respondent.

*Charles E. Thomas,* with him *D. Mark Thomas, Patricia Armstrong,* and, of counsel, *Thomas & Thomas,* for Pennsylvania Gas and Water Company.

OPINION BY JUDGE DiSALLE, April 24, 1979:

The present controversy derives from the April 28, 1978 filing by the Pennsylvania Gas and Water Company (PG&W), of tariff supplements proposing a $5,-551,536.00 increase in its annual water revenues. On May 23, 1978, the Public Utility Commission (PUC) ordered that the proposed increase be suspended and that an investigation be conducted before an administrative law judge to determine the reasonableness and lawfulness of the increase.

The Consumer Advocate (CA) objected to the proposed increase. By order of the administrative law judge, the CA's complaint was conditionally consolidated with the PUC's investigation, with the PUC retaining the right to sever the two proceedings in the event a settlement with PG&W was reached.

On July 12, 1978, PG&W filed a petition to settle the rate investigation. Following three prehearings,

the PUC's Trial Staff (TS) and PG&W agreed to a rate increase that would generate $3,886,137.00 of additional annual revenues. The CA opposed the settlement.

Evidentiary hearings were held before the administrative law judge on July 20 and 21, 1978. He recommended that the proposed settlement be adopted, and on August 31, 1978, the PUC issued the following order:

1. The Commission approve a rate increase for Pennsylvania Gas & Water Company—Water Division in an amount not to exceed $3,886,137 and that the increase become effective not less than five days after Commission approval.

. . . .

3. The Commission investigation at Docket No. R-78040597 be severed from the proceedings consolidated by the Order of Administrative Law Judge of August 3, 1978 and that all complainants, desiring to do so, *shall be accorded full rights as parties* set forth in 66 P.S. Section 458.2 and Section 458.3(c).

4. Commission Investigation Docket No. R-78040597 be terminated *without prejudice* to the right of . . . Consumer Advocate Mark P. Widoff . . . either to pursue [his complaint] or to acquiese (sic) in the settlement recommended therein. (Emphasis supplied.)

The CA moved for reconsideration, arguing against the "Commission made rates" which he feared would not be subject to refund and which would take effect before he had an opportunity to prove that they were unfair and unreasonable. In denying the motion, the PUC, in a September 28, 1978 order, stated:

With respect to [the CA's] fear that the rates contained in the settlement agreement may

not be subject to refund if ultimately found to be excessive, both parties sponsoring the agreement [TS and PG&W] have taken the position that these rates are not 'Commission-made rates' and that this Commission has the power and authority to require the company to refund the amount of any excess collected. On this basis we believe that the rights of Consumer Advocate . . . are fully protected; THEREFORE, IT IS ORDERED:

. . . .

2. That in the event the Commission finds at the conclusion of any related complaint proceeding that the rates contained in the settlement agreement approved by our Order entered August 31, 1978, are excessive, such excess revenues shall be subject to refund.

The CA petitioned for review on October 3, 1978, several days after the 30 day limit set forth in Pa. R.A.P. 1512(a)(1). Both PG&W and the PUC filed motions to quash, arguing that the appeal was untimely and that it was from an interlocutory, and hence unappealable, order.

Our Supreme Court has had this to say about interlocutory orders:

It is fundamental law in this Commonwealth that an appeal will lie only from final orders, unless otherwise expressly permitted by statute. . . . In ascertaining what is a 'final order,' we have looked beyond the technical effect of the adjudication to its practical ramifications. . . . We have variously defined a final order as one which ends the litigation, or alternatively disposes of the entire case. . . . Conversely phrased, an order is interlocutory and not final unless it effectively puts the litigant 'out of court.'

*T.C.R. Realty, Inc. v. Cox,* 472 Pa. 331, 337, 372 A.2d 721, 724 (1977) (citations omitted).

The August 31, 1978 order, while final with respect to the PUC has clearly not put the CA "out of court." Insofar as the order made no final determination as to the reasonableness of the rates in question, but merely terminated the PUC's investigation without prejudicing the CA's right to pursue his complaint to final order, it clearly provided for the continuation of hearings on the CA's complaint. Furthermore, the September 28, 1978 order provides that if, at the conclusion of the CA's case, the settlement rates prove to be excessive, the PUC will order a refund at that time.

The CA argues that the PUC's action on August 31, constitutes the setting of temporary rates, and that since Section 308(e) of the Public Utility Law (Act), Act of May 28, 1937, P.L. 1053, *as amended, formerly* 66 P.S. §1148(e),[1] provides that the PUC may not set temporary rates during the pendency of a general rate increase proceeding, we should reach the merits of his appeal. The PUC and PG&W argue persuasively that the order created settlement rates, not temporary rates. We need not decide the exact nature of the rates fixed here, because it is clear that even if they were temporary, the order setting them is interlocutory.

We held in *Duquesne Light Co. v. Pennsylvania Public Utility Commission,* 34 Pa. Commonwealth Ct. 50, 382 A.2d 991 (1978), that an order fixing temporary rates is interlocutory and unappealable. While it is true that, when we decided *Duquesne Light,* the Act permitted the establishment of temporary rates, we cannot agree that the amendment to the Act withdrawing such authority from the PUC has any effect on the requirements for an appeal from a temporary rate

---

[1] Repealed by the Act of July 1, 1978, P.L. , No. 116. A similar provision may now be found at 66 Pa.C.S. §1308(d).

order. Since the CA may continue to pursue his complaint, the order simply is not final as to him. Accordingly, the motions to quash must be granted.

ORDER

AND Now, this 24th day of April, 1979, the motions to quash the appeal of Consumer Advocate Mark Widoff, are hereby granted.