City of Philadelphia *v.* Belmont Fund, Inc. and Curtis Jones, I/T/A Park Sutton Apartments.

Curtis Jones, i/t/a Park Sutton Apartment and Belmont Fund, Inc., Appellants.

Argued October 7, 1980, before President Judge CRUMLISH and Judges MENCER, ROGERS, MACPHAIL and PALLADINO. Judges WILKINSON, JR., BLATT, CRAIG and WILLIAMS, JR. did not participate.

*James E. McErlane,* with him *Michael J. Stack, Lamb, Windle & McErlane,* for appellants.

*Richard S. Kohn,* Assistant City Solicitor, with him *Barry J. Grossman,* Assistant City Solicitor, *Alan J. Davis,* City Solicitor, and *Judith N. Dean,* Deputy City Solicitor, for appellee.

OPINION BY JUDGE MENCER, January 21, 1981:

Belmont Fund, Inc., and Curtis Jones, i/t/a Park Sutton Apartments (defendants) appeal from an order of the Court of Common Pleas of Philadelphia County, which ordered defendants to correct struc-

tural deficiencies in an apartment building located in Philadelphia. The order further provided in part:

2. All openings on the said premises are to be sealed forthwith.

3. Commencing forthwith said premises shall be guarded and patrolled by at least one security guard. . . .

4. A continued hearing on this matter shall be held on February 14, 1979 . . . at which time defendant, Curtis Jones, shall present to this Court an affirmative committment [sic] from HUD setting forth the circumstances under which it will guarantee financing of rehabilitation or reconstruction of said premises. . . .

5. In the event full compliance with this Order is not effected by February 14, 1979, this Court shall Order this subject premises demolished forthwith.

6. This Court shall retain jurisdiction of this matter with the right at anytime to change, amend, modify, revoke or terminate this Order in whole or in part.

We do not reach the merits of defendants' appeal because we believe that the court's order is interlocutory and unappealable.

An appeal will lie only from a final order, unless otherwise expressly allowed by statute. In ascertaining what is a final order, we must look beyond the technical effect of the order to its practical ramifications. Where the adjudication disposes of the entire case, ends the litigation, or effectively puts the litigant out of court, it will be viewed as a final and appealable order. *In re Appeal of Molnar,* 51 Pa. Commonwealth Ct. 128, 414 A.2d 401 (1980).

In applying the above standard to this case, it is clear that the order of January 12, 1979 did not ter-

188

minate the litigation. By its own terms, the order required defendants to appear in court again to present further evidence. It gave defendants another opportunity to forestall demolition by meeting certain conditions. Therefore, the order of January 12, 1979 was interlocutory and unappealable.

Appeal quashed.

ORDER

AND Now, this 21st day of January, 1981, the appeal of Belmont Fund, Inc., and Curtis Jones, i/t/a Park Sutton Apartments, from the order of the Court of Common Pleas of Philadelphia County, dated January 12, 1979, is hereby quashed.