Robertshaw Controls Company, Petitioner *v.* Commonwealth of Pennsylvania, Human Relations Commission et al., Respondents.

Argued May 4, 1982, before President Judge CRUMLISH and Judges ROGERS, BLATT, CRAIG and MAC-PHAIL.

*Martha Hartle Munsch,* with her *Tracey G. Benson, Reed, Smith, Shaw & McClay,* for petitioner.

*Ellen M. Doyle,* Assistant General Counsel, with her *Robert S. Mirin,* General Counsel, for respondents.

OPINION BY JUDGE ROGERS, July 22, 1982:

In April, 1977, Barbara Jean Cadile filed a complaint with the Pennsylvania Human Relations Commission (PHRC) alleging a violation of the Pennsylvania Human Relations Act[1] by Robertshaw Controls Company. Specifically, Ms. Cadile, a welder employed by Robertshaw at its Indiana, Pennsylvania plant, averred that Robertshaw had refused to authorize payment to her and others similarly situated for leave due to disability related to pregnancy and childbirth while granting to other employees payment for periods of disability related to causes other than pregnancy; and that this conduct violated Section 5(a) of the Act, 43 P.S. §955(a) declaring it to be an unlawful discriminatory practice

> For any employer because of the . . . sex . . . of any individual to . . . discriminate against such

---

[1] Act of October 27, 1955, P.L. 744, §§1-13, *as amended,* 43 P.S. §§951-963.

individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment.

*See Anderson v. Upper Bucks County Area Vocational Technical School,* 30 Pa. Commonwealth Ct. 103, 110, 373 A.2d 126, 130 (1977) *allocatur refused* May 2, 1978.

On September 15, 1980, a subpoena duces tecum was issued by the PHRC requiring Robertshaw to assemble and produce certain documents including a description of the applicable employee benefit plan and certain employee personnel records assertedly relevant to the Cadile complaint. Robertshaw's objections to the subpoena were dismissed by the PHRC in two orders dated January 26, 1981 and April 6, 1981 and review of these orders is here sought by Robertshaw and addressed to the appellate jurisdiction of this court. At the same time, Robertshaw, invoking our original jurisdiction, filed a "Petition to Quash Subpoena Duces Tecum And To Enjoin Prosecution Of PHRC Proceedings" which it asserts is in the nature of an application for the issuance of a writ of prohibition. The PHRC has filed an Answer, New Matter and a Counterclaim asking for enforcement of its subpoena. Robertshaw filed an Answer to the PHRC's New Matter and Counterclaim. Before us are the parties' cross-motions for summary judgment.

Robertshaw's principal contention is that the PHRC is without jurisdiction to act in the matter of the Cadile complaint; its jurisdiction having been preempted by the terms of Section 514 of the federal Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1144. *See International Ladies Garment Workers Union v. Human Relations Commission,* 53 Pa. Commonwealth Ct. 229, 417 A.2d 1279 (1980) *(ILGWU). But see Lukus v. Westinghouse Electric Corporation,* 276 Pa. Superior Ct. 232, 419 A.2d 431 (1980). Additionally, it is argued that cer-

tain of the employee records required to be produced are irrelevant to the determination of any issue raised by the complaint.

On the issue of federal preemption, the PHRC argues that this Court ought to overrule *ILGWU* on the basis of the summary dispositions by the United States Supreme Court in two recent cases.[2] The PHRC also argues that Robertshaw's contentions on this score as well as its attack on the scope of the subpoena are premature and that the anticipatory nature of Robertshaw's request for relief compels our denial of the prayer of its petition in the nature of an application for a writ of prohibition. For the reasons that follow we agree with the PHRC that no relief can be granted to Robertshaw at this stage of the proceeding.

We first reject Robertshaw's attempt to now seek review of the PHRC's January 26, 1981, and April 6, 1981, orders dismissing the objections to the September 15, 1980 subpoena duces tecum. This Court's appellate jurisdiction with respect to government agencies of the Commonwealth is limited to final orders, 42 Pa. C. S. §763(a), which class of orders has been defined as those "which end . . . the litigation, or alternatively dispose . . . of the entire case. . . . Conversely phrased, an order is interlocutory and not final unless it effectively puts the litigant 'out of court.' " *T.C.R. Realty, Inc. v. Cox*, 472 Pa. 331, 337, 372 A.2d 714, 724 (1977). *See also, In Re: Alexander Estate*, 414 Pa. 474, 200 A.2d 865 (1964); *City of Philadelphia v. Belmont Fund, Inc.*, 56 Pa. Commonwealth Ct. 185, 424 A.2d 631 (1981); *Widoff v. Pennsylvania Public Utility Commission*, 42 Pa. Commonwealth Ct. 216, 400

---

[2] *Minnesota Mining and Manufacturing Co. v. Minnesota*, 289 N.W. 2d 396 (Minn. 1979) appeal dismissed 444 U.S. 1041, 100 S.Ct. 725 (1980); *Mountain States Telephone and Telegraph Co. v. Commissioner of Labor and Industry*, 608 P.2d 1047 (Mont. 1979), appeal dismissed, 445 U.S. 921, 100 S.Ct. 1304, (1980).

A.2d 676 (1979). Here there is no sense in which Robertshaw has been placed "out of court" by the PHRC's action or in which the litigation was thereby ended. Indeed, the dismissal by the PHRC of Robertshaw's objections to the subpoena was, in fact, intended to have just the oposite effect; that of compelling Robertshaw to provide materials necessary for the commencement of investigatory proceedings. Orders compelling compliance with a subpoena or refusing to quash a subpoena have consistently been held to be interlocutory and unappealable. *In Re: Petition of Arlen Specter,* 455 Pa. 518, 317 A.2d 286 (1974); *Commonwealth v. Mellon National Bank and Trust Co.,* 360 Pa. 103, 61 A.2d 430 (1948); *Fox v. Pa. Securities Commission,* 17 Pa. Commonwealth Ct. 72, 328 A.2d 573 (1974). No greater finality is embodied in the orders here challenged. We therefore quash Robertshaw's appeal.

As we have indicated, Robertshaw also invokes our original jurisdiction and requests the issuance of a writ of prohibition enjoining the PHRC from further action with respect to the Cadile complaint. The nature and availability of the prerogative writ of prohibition was set forth in the leading case of *Carpentertown Coal & Coke Company v. Laird,* 360 Pa. 94, 102, 61 A.2d 426, 430 (1948):

> ... The writ of prohibition is one which, like all other prerogative writs, is to be used only with great caution and forbearance and as an extraordinary remedy in cases of extreme necessity, to secure order and regularity in judicial proceedings if none of the ordinary remedies provided by law is applicable or adequate to afford relief. It is a writ which is not of absolute right but rests largely in the sound discretion of the court. It will never be granted where there is a complete and effective remedy by appeal, cer-

618

tiorari, writ of error, injunction, or otherwise:
... As pointed out in [United States Alkali Export Association, Inc. v. United States, 325 U.S. 196, 203 (1944)], "appellate courts are reluctant to interfere with decisions of lower courts, even on jurisdictional questions, which they are competent to decide and which are reviewable in the regular course of appeal. . . . The [extraordinary] writs may not be used as a substitute for an authorized appeal." (Citations omitted.)

We agree with the PHRC that Robertshaw has failed to establish a necessity for the writ. A writ of prohibition will issue only in the clearest cases of action by an inferior tribunal in usurpation of its lawful jurisdiction. *Carpentertown Coal & Coke Co. v. Laird,* 360 Pa. at 100, 61 A.2d at 428. The PHRC's jurisdiction over the subject of the Cadile complaint is a matter concerning which the intermediate appellate courts of this Commonwealth have issued contradictory rulings and on which our Supreme Court has not yet spoken. We do not believe that this is such a clear case of unauthorized administrative action as will justify the extraordinary relief requested.

Moreover, in *Troiani Brothers, Inc. v. Pennsylvania Public Utility Commission,* 488 Pa. 386, 395, 412 A.2d 562, 567 (1980) it was held that a writ of prohibition could not issue at an early stage in the proceedings where the administrative "tribunal is merely considering the question of its jurisdiction to act." To the same effect the Court in *Carpentertown Coal & Coke Company* held that prohibition was unavailable where the action of the administrative tribunal did "not necessarily indicate that the . . . Commission itself may not on argument directed to it, ultimately conclude that it is without jurisdiction. . . ." *Id.* at 102, 61 A.2d at 430. In the instant case we are asked to prevent the acquisition by the PHRC of information

necessary to decide, *inter alia,* whether Robertshaw's jurisdictional objections are factually supported.[3] We decline to infer, as Robertshaw suggests, that the PHRC has already decided the jurisdictional issue after confirming by some means apart from receipt of the information sought by its subpoena, including a copy of Robertshaw's plan itself, that the Cadile complaint relates to a benefit plan governed exclusively by ERISA.

Should the PHRC, following its investigation, decide that it has jurisdiction in this matter and that Robertshaw has violated the Act, complete review of the jurisdictional issue may be obtained on appeal. We will not interfere by means of a writ of prohibition with the due course of administrative action where, as here, there is an adequate appellate remedy and no evidence of extreme necessity or irreparable harm.[4] *Calantoni v. State Horse Racing Commission,* 37 Pa. Commonwealth Ct. 520, 391 A.2d 36 (1978).

Finally, it is crystal clear that a writ of prohibition is unavailable to contest the jurisdictional validity of an administrative subpoena where, as in the case of the Human Relations Commission, the issuing agency

---

[3] In its responsive Answer to Robertshaw's Petition for Review, the PHRC averred that it was without knowledge or information sufficient to form a belief as to the truth of Robertshaw's averments with respect to the factual particulars of the employee benefit plan challenged by Ms. Cadile.

[4] Robertshaw asserts that it will be irreparably harmed if prohibition does not issue because of the expense necessitated by compliance with the subpoena. A like contention was rejected in *Akron Borough v. Pennsylvania Public Utility Commission,* 453 Pa. 554, 562, 310 A.2d 271, 275-276 (1973) : "We do not think that the trouble and expense caused to appellee . . . in participating in a Commission proceeding leading to a final and appealable order makes the remedy of appeal less than adequate. That expense is 'part of the social burden of living under government' . . . and is an 'inadequate basis for intervention whether by mandamus or injunction.' " (Citations omitted.)

has no power itself to enforce compliance with the subpoena but must instead invoke enforcement proceedings in the Courts of Common Pleas or in this Court.[5] *In Re: Reyes*, 476 Pa. 59, 381 A.2d 865 (1977);

---

[5] Section 7(g) of the Act, 43 P.S. §957(g) provides in pertinent part:

> In case of contumacy or refusal to obey a subpoena issued to any person any court of jurisdiction, upon application by the Commission, may issue to such person an order requiring such person to appear before the Commission, there to produce documentary evidence, if so ordered, or there to give evidence touching the matter in question, and any failure to obey such order of the court may be punished by said court as a contempt thereof.

In its Answer to Robertshaw's Petition For Review in the nature of an application for the issuance of a writ of prohibition, the PHRC includes the following:

### COUNTERCLAIM

30. PHRC is entitled to enforcement of its subpoena duces tecum, issued against Robertshaw, and to enforcement of its Order, dated April 5, 1981, signed by Commissioner Elizabeth M. Scott pursuant to 43 P.S. Sc. 957.

No prayer for relief is presented, however, and no argument with respect to the counterclaim is presented in the Commission's Motion for Summary Judgment or in its Amended Brief in Support of Respondent's Motion for Summary Judgment. Indeed, at several points in its brief the PHRC asserts that proceedings for enforcement have been commenced and are currently pending elsewhere on the docket of this Court.

Moreover, we are aware of no authorization contained in the Rules of Civil Procedure, which, by the terms of Pa. R.A.P. 1517, are to be observed in actions addressed to our original jurisdiction, for the pleading of a counterclaim in this action requesting the issuance of a writ of prohibition. On the contrary, although the subject of prohibition actions is not explicitly treated in the Rules, Pa. R.C.P. No. 1096, related to actions in mandamus, provides unambiguously that "No counterclaim may be asserted" and, as our Supreme Court has noted, prohibition is "the exact counterpart of mandamus. . . ." *Carpentertown Coal & Coke Co. v. Laird*, 360 Pa. 94, 100, 61 A.2d 426, 429 (1948); *see also Kremer v. Shoyer*, 453 Pa. 22, 30 n. 3, 311 A.2d 600, 603 n. 3 (1973). We, therefore, decline to now enforce the PHRC's subpoena.

*Pennsylvania Crime Commission Subpoena,* 453 Pa. 513, 309 A.2d 401 (1973). If enforcement is sought, Robertshaw offers no reason why the complex jurisdictional issues it here raises cannot be adequately adjudicated in the forum then provided.

The PHRC's motion for summary judgment is granted; Robertshaw's overruled. The writ of prohibition is refused.

ORDER

AND Now, this 22nd day of July, 1982, the Motion for Summary Judgment of Robertshaw Controls Company is overruled; the Motion for Summary Judgment of the Pennsylvania Human Relations Commission is hereby granted. Robertshaw's appeal from the Orders of the Pennsylvania Human Relations Commission dated January 26, 1981, and April 6, 1981, is quashed. The writ of prohibition sought by Robertshaw is refused. The counterclaim of the Pennsylvania Human Relations Commission is refused without prejudice to its right to commence or to continue enforcement proceedings as authorized by Section 7(g) of the Pennsylvania Human Relations Act, Act of October 27, 1955, P.L. 744, *as amended,* 43 P.S. §957(g).