499 Pa. 132 (1982)
451 A.2d 1357
The MERCY HOSPITAL OF PITTSBURGH, a non-profit corporation, Appellee,
v.
The PENNSYLVANIA HUMAN RELATIONS COMMISSION, an agency of the Commonwealth of Pennsylvania, Appellant.
Supreme Court of Pennsylvania.
Argued September 23, 1982.
Decided November 4, 1982.
*133 *134 Ellen M. Doyle, Asst. Gen. Counsel, Pa. Human Relations Commission, Michael L. Foreman, Pittsburgh, for appellant.
F. Regan Nerone, Cauley, Birsic & Conflenti, Cynthia M. Maleski, John W. Latella, Pittsburgh, for appellee.
Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

OPINION
NIX, Judge.
On December 1, 1981, Howard T. Pfupajena, M.D. (Pfupajena) filed a complaint with the Pennsylvania Human Relations Commission (PHRC) alleging that he was denied *135 staff privileges in its Division of Thoraic and Cardio Vascular Surgery by The Mercy Hospital of Pittsburgh (Hospital) because of his race, Black, and his national origin, Zimbabwean, in violation of Section 5(a) of the Pennsylvania Human Relations Act (Act), 43 P.S. § 951 et seq., as amended (1981-82 Supp). Notice of the complaint was served upon the Hospital on December 8, 1981 along with notice of PHRC's requirements pertaining to: Response to Allegations, Fact-Finding Conference, Request for Documents and a Statement of Position. A fact-finding conference was scheduled by PHRC for January 14, 1982.
On January 13, 1982, Hospital filed a Petition for Review with the Commonwealth Court seeking preliminary and permanent injunctive relief, or in the alternative, the issuance of a writ of prohibition against PHRC restraining it from investigating or otherwise proceeding on the complaint. After a hearing on January 13, 1982, before the Honorable David W. Craig, the request for a temporary restraining order was denied. On April 8, 1982, Judge Craig heard oral argument and on that date entered an order overruling PHRC's preliminary objections challenging the jurisdiction of the Commonwealth Court and enjoining PHRC from investigating or otherwise proceeding on the merits of Pfupajena's complaint except to determine the issue of PHRC's jurisdiction over the matter. The Commonwealth Court explained its ruling as follows:
The clear intent of the order, in this unprecedented situation, is to permit the Commission to move forward with the resolution of the doctor's complaint, cutting short the wasteful procedural infighting in which the hospital and Commission are now engaged; if the Commission, pursuant to an initial hearing upon jurisdiction, determines that there is an employment relationship, it has the option, pursuant to 42 Pa.C.S. § 702(b) also to permit immediate appellate review of that jurisdictional question, so that if its jurisdiction is affirmatively established as a final matter, the merits of the discrimination complaint *136 can be effectively resolved. On the other hand, if the Commission itself were to determine that jurisdiction is absent, the necessity of a simultaneous resolution of the more difficult questions will be obviated.
While a practical solution was fashioned in this matter, we are nevertheless required to address the question of the propriety of judicial intervention raised by PHRC. PHRC, by way of preliminary objections, challenged the Commonwealth Court's exercise of jurisdiction prior to the exhaustion of the administrative remedies under the Act. The Chancellor did not directly confront appellant's legal issue but rather justified his intervention on the basis that his solution would solve the problem. However, the fact that a court of equity may be capable of achieving an expedious resolution of a dispute does not warrant its intrusion where there is a statutory process designed for its resolution. Statutory Construction Act of 1972, Act of December 6, 1954, P.L. 1339, No. 290, § 3, 1 Pa.C.S.A. § 1504.
In this jurisdiction the policy requiring equity to refrain from intervention where there is an adequate administrative process is firmly imbedded. See, e.g., Commonwealth v. Glen Alden Corp., 418 Pa. 57, 210 A.2d 256 (1965); Collegeville Borough v. Philadelphia Suburban Water Co., 377 Pa. 636, 105 A.2d 722 (1954). That firm principle cannot be set aside simply because equity is equally capable of reaching the result. "Only a flagrant abuse of such powers on the part of administrative officials in matters entrusted to them by law would move the judicial branch of the government to restrain its exercise." Hayes v. City of Scranton, 354 Pa. 477, 482, 47 A.2d 798, 801 (1946). See also, United Tel. Co. of Pa. v. F.C.C., 375 F.Supp. 992 (D.C.Pa. 1974).
It is true that equitable intervention is appropriate where the administrative process is for some reason inadequate *137 to resolve the dispute, Feingold v. Bell of Pennsylvania, 477 Pa. 1, 383 A.2d 791 (1978); Philadelphia Life Ins. Co. v. Commonwealth, 410 Pa. 571, 190 A.2d 111 (1963), but such is clearly not the case instantly. There is no question that the PHRC is vested with the authority to consider and decide the challenge raised to its jurisdiction over the matter.[1]Shenango Valley Osteopathic Hospital v. Department of Health, Commonwealth of Pennsylvania, 499 Pa. 39, 451 A.2d 434 (1982); cf. Feingold v. Bell of Pa., 477 Pa. 1, 383 A.2d 791 (1978). This fact was obviously recognized by the Chancellor whose order directed PHRC to address that issue. Thus, the resolution of the jurisdictional challenge would not provide a basis for equitable intervention.
The subsidiary issue, in the event that PHRC did have jurisdiction, is whether an irreconcilable conflict exists with the Peer Review Protection Act, Act of July 20, 1974, P.L. 564, § 1 et seq., as amended, 63 P.S. § 425.1 et seq., and the Act.[2] Here again the Chancellor did not dispute PHRC's authority to determine whether a conflict, in fact, existed between the two statutory provisions or its right to attempt to reconcile any tension, rather it is noted that PHRC would then have the option to permit judicial review of its jurisdictional decision pursuant to 42 Pa.C.S. 702(b).[3] What we are here confronted with is an attempt by a Chancellor who concedes the competence of the administrative body, nevertheless, *138 seeks to supervise the manner in which that jurisdiction is exercised. Such an intrusion would erode the very core of the administrative scheme. We reject the suggestion that PHRC's legal objection to the Chancellor's intervention reflected an arbitrary refusal to bifurcate its procedure, rather PHRC was merely defending its prerogative to exercise its jurisdiction without judicial interference. As long as an agency is discharging its legislatively prescribed functions, a court of equity has no authority to dictate its procedure unless it offends due process, see, Babcock and Wilcox Co. v. Marshall, 610 F.2d 1128 (3rd Cir. 1979), or violates the statutory mandate under which the agency receives its authority. Troiani Bros., Inc. v. Pa. P.U.C., 488 Pa. 386, 395, 412 A.2d 562, 567 (1980) (plurality opinion). It may not be assumed that an agency will act in an irresponsible or arbitrary manner without judicial supervision and direction.
As stated, this lawsuit requires PHRC first to determine its jurisdiction over the merits of the controversy, and in the event it is determined that jurisdiction lies, PHRC must consider whether a tension exists between its fact-finding process and the asserted confidentiality of the peer review process. If it is determined that tension does exist, the PHRC must then attempt to determine if there can be a reconciliation.[4] The reasonableness of the Chancellor's approach to the consideration of these questions cannot obfuscate PHRC's right to object to the Chancellor's premature intervention in the matter.
Accordingly, the Order of the Commonwealth Court is vacated and the matter is remanded to the PHRC.
NOTES
[1] Hospital contends no employment relationship is engendered between a hospital and a physician as a result of the privilege of membership on a hospital staff and that section 5(a) of the Act pertains only to employment relationships.
[2] It is argued that the Peer Review Protection Act, 63 P.S. § 425.1 et seq., prohibits Hospital from introducing at any PHRC proceeding any testimony or evidence pertaining to the peer review hearing thereby preventing the Hospital from establishing that their basis for rejection was not based upon racial prejudice.
[3] This position ignores that interlocutory review under 42 Pa.C.S. 702(b) is dependent upon the exercise of the discretion of the "court or other government unit" as well as the discretion of the reviewing court. Miller v. Krug, 255 Pa.Super. 39, 386 A.2d 124 (1978); Commonwealth v. Pfender, 280 Pa.Super. 417, 421 A.2d 791 (1980).
[4] Appellee premises its argument upon the view that the "conflict of law is irreconcilable." Whether there is in fact a conflict, and in the event there is, whether it is reconciable must be determined by PHRC. Thus, the convoluted attempt to create a due process argument becomes transparent.