108 Pa. Commonwealth Ct. 147 (1987)
529 A.2d 81
McGraw-Edison Company, Petitioner
v.
Commonwealth of Pennsylvania, Pennsylvania Human Relations Commission, Respondent.
No. 167 C.D. 1987.
Commonwealth Court of Pennsylvania.
Argued June 11, 1987.
July 31, 1987.
*148 Argued June 11, 1987, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge NARICK, sitting as a panel of three.
Larry J. Rappoport, with him, Paul R. Lewis, Kleinbard, Bell & Brecker, for petitioner.
Francine Ostrovsky, Assistant Chief Counsel, with her, Elisabeth S. Shuster, Chief Counsel, for respondent.
OPINION BY SENIOR JUDGE NARICK, July 31, 1987:
This matter is before the Court on the preliminary objections filed by the Pennsylvania Human Relations Commission (PHRC), to the petition for review in the nature of an application for issuance of a writ of prohibition filed by McGraw-Edison Company (McGraw-Edison) on January 20, 1987. For the reasons set forth below, the preliminary objections of the PHRC are sustained.
McGraw-Edison invoked this Court's original jurisdiction pursuant to 42 Pa. C. S. §761(c)[1] and requested *149 this Court to prohibit the PHRC from investigating and exercising jurisdiction over a complaint filed by Virginia Mechensky (Mechensky).
The long procedural history of this case is summarized as follows. On June 21, 1979, the PHRC received a charge of discrimination from Mechensky alleging that McGraw-Edison had engaged in acts of sex discrimination in violation of Section 5(a) of the Pennsylvania Human Relations Act (Act), 43 P.S. §951 et seq. In January 1980, McGraw-Edison and Mechensky executed a respondent-complainant agreement. On March 5, 1980, the PHRC advised McGraw-Edison and Mechensky that it was closing the case as satisfactorily adjusted. Mechensky was further advised that pursuant to PHRC regulations, 16 Pa. Code §42.73, Mechensky had the right to promptly petition the PHRC to reconsider whether Respondent had complied with the terms of the agreement.
On June 23, 1983, Mechensky petitioned the PHRC and alleged that the settlement agreement had been breached.[2] On January 17, 1984, the PHRC advised Mechensky and McGraw-Edison that it had granted the request for reconsideration. On January 2, 1985, a PHRC investigator requested McGraw-Edison to provide various data relating to the 1979 discrimination charge. McGraw-Edison, pursuant to a letter dated February 13, 1985, objected to the PHRC's request. The PHRC construed this objection as a motion to dismiss *150 and on July 22, 1985, the PHRC issued an interlocutory order denying the motion to dismiss.
On or about January 19, 1986, the PHRC served McGraw-Edison with a subpoena duces tecum regarding the documents previously requested on January 2, 1985. On February 18, 1986, McGraw-Edison filed a motion to quash the subpoena. On November 5, 1986, the PHRC issued an "[i]nterlocutory order" in response to McGraw-Edison's motion to quash indicating that the matter required an "indepth analysis of the effect of the original agreement and several procedural issues: i.e. timeliness ... laches; whether investigation of the complaint is proper or should this matter be pursued as an enforcement of an alleged breach of an agreement" and for those reasons the matter was to be referred to a hearing officer in order to conduct a preliminary hearing.
On or about January 19, 1987, McGraw-Edison filed a petition for review in the nature of an application for issuance of a writ of prohibition with this Court. McGraw-Edison also filed on January 26, 1987 an application for stay of proceedings pending disposition of its writ of prohibition. On January 29, 1987, the Commonwealth Court pursuant to an order issued by the Honorable EMIL E. NARICK granted McGraw-Edison's request for stay.
The PHRC in its preliminary objections argues that (1) the Commonwealth Court does not have jurisdiction to hear McGraw-Edison's request for relief in the nature of a writ of prohibition; (2) that McGraw-Edison's averments do not establish an entitlement to a writ of prohibition as a matter of law; and (3) that McGraw-Edison has failed to exhaust its administrative and statutory remedies.
First, we will discuss McGraw-Edison's right to a writ of prohibition and whether the Commonwealth *151 Court has jurisdiction to hear this request for relief in the nature of a writ of prohibition. The writ of prohibition is an extraordinary remedy to be used with extreme caution. Capital Cities Media, Inc. v. Toole, 506 Pa. 12, 483 A.2d 1339 (1984) and Carpentertown Coal & Coke Co. v. Laird, 360 Pa. 94, 61 A.2d 426 (1948). Also see Robertshaw Controls Co. v. Pennsylvania Human Relations Commission, 67 Pa. Commonwealth Ct. 613, 447 A.2d 1083 (1982). The writ of prohibition is an extraordinary remedy to restrain courts and quasi-judicial bodies from usurping jurisdiction they do not possess and will issue only in the absence of no other adequate remedy at law. Capital Cities Media.
In Robertshaw, the employer objected to a subpoena duces tecum issued by the PHRC, and when its objections to the subpoena were denied by the PHRC, the employer filed a writ of prohibition with the Commonwealth Court invoking both original and appellate jurisdiction. With respect to the original jurisdiction issue, the court in Robertshaw held that the PHRC's action was not unauthorized administrative action. Rather, the court indicated that when the PHRC takes action merely as a means of determining whether it has jurisdiction to act, relief in the nature of a writ of prohibition is not warranted. The court went on to say that:
Should the PHRC, following its investigation, decide that it has jurisdiction in this matter and that Robertshaw has violated the Act, complete review of the jurisdictional issue may be obtained on appeal. We will not interfere by means of a writ of prohibition with the due course of administrative action where, as here, there is an adequate appellate remedy and no evidence of extreme necessity or irreparable harm.
Robertshaw at 619, 447 A.2d at 1087 (footnote omitted). Thus, it is for the PHRC to determine whether it has *152 jurisdiction over the merits of a controversy, and a writ of prohibition is premature where a tribunal is merely considering whether or not it has jurisdiction. Id. Also see Mercy Hospital v. Pennsylvania Human Relations Commission, 499 Pa. 132, 451 A.2d 1357 (1982) and Troiani Brothers, Inc. v. Pennsylvania Public Utility Commission, 488 Pa. 386, 412 A.2d 562 (1980).
In the instant matter, the PHRC indicated in its interlocutory order of November 5, 1986 that it was necessary to conduct a preliminary hearing in order to determine various issues raised in the instant matter. Section 7 of the Act, 43 P.S. §957 provides the PHRC with a number of powers which include in part:
(e) To formulate policies to effectuate the purpose of this act . . .
(f) To initiate, receive, investigate and pass upon complaints charging unlawful discriminatory practices
(g) To hold hearings, subpoena witnesses, compel their attendance, administer oaths, take testimony of any person under oath or affirmation and, in connection therewith, to require the production for examination of any books and papers relating to any matter under investigation where a complaint has been properly filed before the Commission. The Commission may make rules as to the issuance of subpoenas by individual Commissioners. In case of contumacy or refusal to obey a subpoena issued to any person, the Court of Common Pleas of Dauphin County or any court of common pleas within the jurisdiction of which the hearing is to be held or the said person charged with contumacy or refusal to obey is found, resides or transacts business, upon application by the Commission, may issue to such person an order requiring such *153 person to appear before the Commission, there to produce documentary evidence, if so ordered, or there to give evidence touching the matter in question, and any failure to obey such order of the court may be punished by said court as a contempt thereof ...
Accordingly, it is within the PHRC's authority to investigate complaints charging unlawful discriminatory practices, hold hearings, and subpoena witnesses or documents, in order to determine whether an unlawful discrimination has occurred. Accordingly, we cannot conclude that there has been an unauthorized action by the PHRC, and in fact, the PHRC may very well conclude that it does not have jurisdiction over the instant matter. However, even if the PHRC should decide to exercise jurisdiction and that McGraw-Edison has violated the Act, an adequate remedy at law exists to McGraw-Edison in appellate review. See Robertshaw.
Regarding this Court's appellate jurisdiction and writs of prohibition, the court noted in Robertshaw that the Commonwealth Court's review of actions by government agencies is limited to review of final orders pursuant to 42 Pa. C. S. §763(a) or those orders which end litigation. Thus, an order is final if it puts the litigant out of court. See Robertshaw at 616, 447 A.2d at 1085. In the case at hand, the PHRC's order was interlocutory in that it denied the motion to quash the subpoena and indicated that a preliminary hearing should be held in order to determine what action if any should be taken by the PHRC. Thus, no final action was taken by the PHRC and McGraw-Edison was not put out of court. Accordingly, we cannot exercise jurisdiction over the instant matter.
McGraw-Edison further argues that the complaint filed by Mechensky on June 23, 1983 is untimely and that the PHRC's investigation of this complaint is a denial *154 of due process to McGraw-Edison who is now being summoned to a hearing where it will be expected to present witnesses and adduce testimony. It has previously been held with regard to writs of prohibition that the trouble and expense caused to a party required to participate in a Commission proceeding leading to a final appealable order does not make the remedy of appeal less than adequate. Rather, such inconvenience and expense are social burdens a party must bear in exchange for living under government. Robertshaw at 620 fn. 5, 447 A.2d at 1087 fn. 5, citing Akron Borough v. Pennsylvania Public Utility Commission, 453 Pa. 554, 562, 310 A.2d 271, 275-76 (1973). Accordingly, we cannot sustain McGraw-Edison's argument.
Lastly, we note that this Court will not intervene in those situations where a party has failed to exhaust its administrative and statutory remedies. Mercy Hospital and Jackson v. Centennial School District, 509 Pa. 101, 501 A.2d 218 (1985). In the case at hand, the PHRC has not been given the opportunity to act. If it should decide that it does have jurisdiction, then once a final order is issued by the PHRC, McGraw-Edison after exhausting its administrative remedies may appeal to this Court.
Therefore, for the reasons set forth herein, we will sustain the preliminary objections filed by the PHRC, and McGraw-Edison's petition for review is hereby dismissed.

ORDER
AND NOW, this 31st day of July, 1987, the preliminary objections filed by the Pennsylvania Human Relations Commission are hereby sustained, and McGraw-Edison's petition for review is hereby dismissed.
NOTES
[1] It is provided in Section 761(c) that the Commonwealth Court shall have original jurisdiction in cases of mandamus and prohibition and that relief is ancillary to matters within its appellate jurisdiction.
[2] The record indicates that Mechensky alleged in her complaint filed June 23, 1983 that McGraw-Edison violated that portion of the respondent-complainant agreement which provided: "Respondent has agreed to answer inquiries received by Respondent concerning the termination of Complainant's employment relationship with Respondent by indicating that Complainant left Respondent's employment to accept a better position and that Complainant's performance with Respondent was satisfactory".