INDEPENDENCE BLUE
CROSS, Petitioner,

v.

PENNSYLVANIA INSURANCE
DEPARTMENT,
Respondent.

Commonwealth Court of Pennsylvania.

Argued Dec. 7, 1995.
Decided Jan. 17, 1996.
Reargument Denied Feb. 15, 1996.

Jay H. Calvert, Jr., for petitioner.

Amy L. Weber, Department Counsel, for respondent.

Matthew M. Strickler, for intervenors.

Before SMITH and PELLEGRINI, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

Presently before this Court are the preliminary objections filed by the Pennsylvania Insurance Department (Department), Health Systems International, Inc. (Health Systems), and Qualmed Plans for Health of

Pennsylvania, Inc. (Qualmed), in response to a petition for review in the nature of a writ of prohibition (petition) filed by Independence Blue Cross (Independence).

In 1992, Independence entered into contracts with numerous hospitals that included a "prudent buyer provision." Under this provision, the hospitals were obligated to give Independence and its affiliates a rate for services that was no more than the rates given to any other private payor that brings in the same or less volume of business to the hospitals. After an extensive review,[1] the Department approved Independence's contracts in January, 1993, and September, 1994.

On June 19, 1995, Health Systems and Qualmed, competitors of Independence that offer private health maintenance organizations (HMOs), filed a petition and complaint with the Department, challenging the "prudent buyer provisions" of Independence's contracts with its provider hospitals. Health Systems and Qualmed alleged that the prudent buyer provisions violated the Unfair Insurance Practices Act (Unfair Insurance Act).[2] Health Systems and Qualmed contended that they must charge their subscribers more than necessary because the prudent buyer provisions prevent them from negotiating the best possible and lowest rates with Independence's provider hospitals. On June 23, 1995, the Department entered an order directing Independence to answer Health Systems' and Qualmed's petition. Instead of answering the petition, Independence filed with the Commissioner a motion to reconsider and vacate her June 23 order on the grounds that she lacked jurisdiction over the matter, because the Department's prior approval of the hospital contracts precludes a subsequent challenge thereof, and because Health Systems and Qualmed did not allege

any specific violation of the Unfair Insurance Act.[3] On July 21, 1995, the Department issued an order denying Independence's motion and scheduling hearings on the petition. Independence then filed a petition to intervene, an answer to Health Systems' petition, and a motion to dismiss.

On August 14, 1995, Independence filed in this Court the present petition for review in the nature of a writ of prohibition, challenging the Commissioner's jurisdiction and authority to consider Health Systems' and Qualmed's complaint, and claiming that the Unfair Insurance Act does not apply to the prudent buyer provision of the contracts.[4] Independence argues that its contracts with its provider hospitals are governed by the Hospital Plan Corporations Act (Hospital Act),[5] and that the application of the Unfair Insurance Act to its hospital contracts would contravene the express provisions of the Hospital Act. Independence also contends that the Department's final approval of its hospital contracts after two and one-half years of review, during which time the Department considered the issues raised by Health Systems in its petition, precludes the Department from reconsidering its approval at this time. Independence avers that it will suffer irreparable harm if the Department is permitted to conduct the hearings, and that it does not have an adequate remedy at law to redress that harm. Based upon these allegations, Independence requests this Court to issue a writ of prohibition against the Department precluding it from considering Health Systems' and Qualmed's complaint. Simultaneous with its petition for review in the nature of a writ of prohibition, Independence also filed a motion to stay the proceedings before the Commissioner. This motion was granted by this Court on August 18, 1995.

---

1. The Department's review of the contracts lasted for approximately two and one-half years.

2. Act of July 22, 1974, P.L. 589, 40 P.S. §§ 1171.1—1171.15.

3. Simultaneous with this motion for reconsideration, Independence also filed a petition for review of the Department's June 23 order with this Court. The matter is currently pending at docket number 1750 C.D. 1995.

4. Independence also alleges that if it is determined that the Unfair Insurance Act does apply to the hospital contracts, Health Systems has nevertheless failed to allege a violation of the Unfair Insurance Act.

5. 40 Pa.C.S. §§ 6101—6127.

The Department and Health Systems and Qualmed, as intervenors, have all preliminarily objected to Independence's petition for review.[6] They have filed a demurrer to the petition, contending that Independence does have an adequate remedy at law and will not be harmed by the Department hearings. Health Systems, Qualmed and the Department also contend that Independence has failed to aver any facts upon which a writ of prohibition could be issued. They argue that the Commissioner has jurisdiction to determine their allegations regarding violations of the Unfair Insurance Act, including the investigation of unfair insurance practices and an examination of the anti-competitive effects of Independence's hospital contracts. Finally, Health Systems, Qualmed and the Department contend that Independence has failed to exhaust its administrative remedies, citing to the fact that Independence's motion to dismiss currently pending before the Department raises the same issues as does its petition for review before this Court.

A writ of prohibition, the purpose of which is to protect a party from enduring a hearing or trial before a tribunal that has absolutely no power to deal with the subject matter before it, is an extraordinary remedy that lies within the court's discretion and will be issued only with extreme caution. *McGraw–Edison Co. v. Pennsylvania Human Relations Commission,* 108 Pa.Cmwlth. 147, 529 A.2d 81 (1987). It is available only if the petitioning party has established that it has an extreme necessity for such a remedy and that there exists no other adequate remedy at law. *Carpentertown Coal & Coke Co. v. Laird,* 360 Pa. 94, 61 A.2d 426 (1948). With respect to administrative agencies, the writ of prohibition will be issued only if an agency has made a clearly erroneous judgment as to its jurisdiction. *McGraw–Edison, supra; Robertshaw Controls Co. v. Pennsylvania Human Relations Commission,* 67 Pa.

Cmwlth. 613, 447 A.2d 1083 (1982); *see also Troiani Bros., Inc. v. Pennsylvania Public Utility Commission,* 488 Pa. 386, 412 A.2d 562 (1980). In instances where it is unclear whether a particular agency possesses the jurisdiction to consider a claim pending before it, the courts of this Commonwealth have repeatedly refrained from interfering with the due course of administrative action, allowing the agency to determine the extent of its jurisdiction in the first instance. *Carpentertown Coal & Coke Co. v. Laird,* 360 Pa. 94, 61 A.2d 426 (1948); *Robertshaw, supra; McGraw–Edison, supra.*

In *McGraw–Edison, supra,* this Court declined to enter a writ of prohibition against the Pennsylvania Human Relations Commission after it had issued a subpoena *duces tecum* against an employer that allegedly had breached a settlement agreement from a sexual harassment lawsuit. In so doing, this Court observed that when a quasi-judicial tribunal is still considering whether or not it has jurisdiction, a writ of prohibition would be premature. *See also Robertshaw, supra.* Similarly, in *Carpentertown Coal, supra,* the Supreme Court denied a writ of prohibition that sought to preclude the State Mining Commission from issuing a rule to show cause why costs and expenses should not be assessed against a mining company for removing lateral and vertical support of a state bridge, where the State Mining Commission had previously issued an order allowing the company to remove all of the coal on its land. The Supreme Court noted that the writ of prohibition would be premature because the State Mining Commission, after argument, could have concluded that it did not have jurisdiction over the matter. The Supreme Court also stated that in the event that the State Mining Commission erroneously exercised jurisdiction, that decision could have been reviewed upon an appeal from the State

---

6. A preliminary objection in the nature of a demurrer raises the question of whether, on the facts averred, the law says with certainty that no recovery is possible. *Jackson v. Garland,* 424 Pa.Superior Ct. 378, 622 A.2d 969 (1993). In resolving this question, this Court must accept as true all well-pleaded facts of the challenged pleading, as well as all inferences reasonably deducible therefrom. *Giffin v. Chronister,* 151

Pa.Cmwlth. 286, 616 A.2d 1070 (1992). All doubts must be resolved in favor of the nonmoving party, and a demurrer, the result of which would be the dismissal of the action, should be sustained only in cases that are clear and free from doubt. *Factor v. Goode,* 149 Pa. Cmwlth. 81, 612 A.2d 591 (1992), *petition for allowance of appeal denied,* 533 Pa. 654, 624 A.2d 112 (1993).

Mining Commission's final order on the merits. *Id.*

On the other hand, a writ of prohibition has been issued when the quasi-judicial body has clearly exceeded its jurisdiction as conferred by statute or if another body has exclusive jurisdiction over the matter. *Department of Corrections v. Board of Claims,* 135 Pa.Cmwlth. 350, 580 A.2d 923 (1990); *Clapsaddle v. Board of Claims,* 577 A.2d 939 (Pa.Cmwlth.1990), *petition for allowance of appeal denied,* 527 Pa. 653, 593 A.2d 424 (1991); *and in* 527 Pa. 653, 593 A.2d 425 (1991). In *Department of Corrections, supra,* this Court issued a writ of prohibition against the Board of Claims precluding it from considering a claim by a prisoner against the Department of Corrections. This Court observed that because there was no contractual relationship between the prisoner and the Department of Corrections, the Board of Claims clearly had no jurisdiction over the prisoner's action. In *Clapsaddle, supra,* this Court again issued a writ of prohibition against the Board of Claims on the basis that it did not have jurisdiction to consider an action challenging the denial of mine subsidence insurance claims that had been denied by the Department of Environmental Resources. Noting that the jurisdiction to consider such claims laid solely with the Environmental Hearing Board, this Court concluded that the Board of Claims was without jurisdiction to hear them.

■ In the present case, while both sides have presented substantial arguments addressing the Commissioner's ability to consider Health Systems' and Qualmed's complaints of unfair insurance practices, those arguments do not specifically address the Commissioner's jurisdiction to consider such complaints. No party disputes that the Commissioner has jurisdiction to hear complaints under the Unfair Insurance Act. Instead, the parties dispute the issue of whether the Department's approval of the hospital contracts under the Hospital Act precludes the Commissioner from taking action under the Unfair Insurance Act. Framed this way, and even accepting as true all of the allegations of Independence's petition for review, a writ of prohibition against the Commissioner is not maintainable because she is not *clearly* without jurisdiction to consider the matter.

Accordingly, the preliminary objections of Health Systems, Qualmed and the Department are granted, and Independence's petition for review in the nature of a writ of prohibition is dismissed. Additionally, the stay issued against the Commissioner by this Court on August 18, 1995, is lifted.

### ORDER

AND NOW, this 17th day of January, 1996, upon consideration of Respondent's and Intervenors' preliminary objections to Petitioner's petition for review in the nature of a writ of prohibition, it is ordered that said preliminary objections are granted and the petition is dismissed. The prior order of court in the above-captioned matter, dated August 18, 1995, is vacated.