577 A.2d 935

**Raymond and Candia PHILLIPS, Petitioners**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF ENVIRONMENTAL RESOURCES, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 7, 1990.

Decided June 28, 1990.

Howard J. Wein, with him, Paul A. Supowitz, Klett, Lieber, Rooney & Schorling, Pittsburgh, for petitioners.

Virginia Davison, Asst. Counsel, Harrisburg, for respondent.

Franklin L. Bialon, Monessen, for intervenor, Bd. of Claims.

Before CRUMLISH, Jr., President Judge, and CRAIG, COLINS, PALLADINO, McGINLEY, SMITH and PELLEGRINI, JJ.

McGINLEY, Judge.

This is a petition for review filed by mine subsidence insurance policy holders, Raymond and Candia Phillips (Petitioners) [1]. Before this Court are appeals from two orders of the Board of Claims, one denying Petitioners' praecipe to discontinue and the other finding for the Department of Environmental Resources (DER) on the merits of Petitioners' mine subsidence claim, and an application for summary relief filed by Petitioners. [2]

Petitioners purchased an insurance policy on their home under the Coal and Clay Mine Subsidence Insurance Fund

1. For oral argument this case was consolidated with No. 307 Misc. Dkt.1989 and No. 248 Misc. Dkt.1989.
2. The Board of Claims was granted permission to intervene as a party respondent on the jurisdictional issue dealt with herein.

(Fund). The Fund is administered by the Coal and Clay Mine Subsidence Board (Subsidence Board). Petitioners filed a claim with the Subsidence Board, whose employees are employees of the DER, asserting that their home was damaged as a result of mine subsidence. After the Subsidence Board denied the claim, Petitioners filed a timely appeal with the Environmental Hearing Board (EHB). This appeal was subsequently withdrawn based on the advice of DER's counsel that the Board of Claims, rather than the EHB, was the proper forum for a determination of whether the damage to their home was caused by mine subsidence. Petitioners pursued their claim before the Board of Claims.

During Petitioners' hearing before the Board of Claims, the EHB rendered an opinion in a similar case holding that the EHB was the correct forum for mine subsidence claim disputes. Petitioners thereupon requested a continuance of their action which the Board of Claims denied. Petitioners then filed a praecipe to discontinue based on their belief that the EHB had jurisdiction over their claim. The Board of Claims denied the discontinuance and found that the damage to Petitioners' home did not result from mine subsidence.

Petitioners, the DER and the EHB agree that we are presented with a question of whether the EHB has jurisdiction over appeals brought by subscribers to the Fund.[3] The Board of Claims argues that the amendments to the the Act of May 20, 1937 (informally known as the Board of Claims Act), P.L. 728, *as amended,* 72 P.S. §§ 4651–1 to 4651–10 and Section 16 of the Act of August 23, 1961 (Mine Subsidence Fund Act), P.L. 1068, *as amended,* 52 P.S. § 3216, evince the intention of the legislature that jurisdiction over mine subsidence claims lies with the Board of Claims.

 Pursuant to Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704, our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed and whether neces-

---

**3.** The DER has filed a statement in lieu of a brief in this matter, wherein it agrees that the relief sought by Petitioners is appropriate.

sary findings of fact were unsupported by substantial evidence. *Estate of McGovern v. State Employees Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986). The facts in the present controversy, and the issues raised by the Board of Claims, are essentially the same as were presented in *Department of Environmental Resources v. Burr*, 125 Pa.Commonwealth Ct. 475, 557 A.2d 462 (1989). There, a panel of this Court held that the EHB, rather than the Board of Claims, is the appropriate forum. *Id.*, 125 Pa. Commonwealth Ct. at 479–80, 557 A.2d at 464. In *Burr* we examined the provisions of the Board of Claims Act, one of which, Section 4, grants the Board of Claims "exclusive jurisdiction to hear and determine claims against the Commonwealth arising from contracts entered into by the Commonwealth". In *Burr* we rejected DER's contention that, because insurance policies are contracts, the Board of Claims has jurisdiction and concluded that Section 24.1 of the Mine Subsidence Fund Act vests jurisdiction of these claims in the EHB. *Id.*

The Board of Claims argues that our decision in *Burr* is in error and cites to the recent Pennsylvania Supreme Court decision in *Shovel Transfer and Storage, Inc. v. Simpson*, 523 Pa. 235, 565 A.2d 1153 (1989). In *Simpson*, a warehouse owner brought a mandamus action to require state officials to sign a contract between the owner and the Liquor Control Board. In rejecting this Court's finding that the theory of the case was statutory rather than contractual, the Supreme Court characterized the objective of the warehouse owner as an attempt "to establish the enforceability of a contract" and held that the Board of Claims, not this Court, is the proper forum for determining the validity of a contract. *Id.*, 523 Pa. at 241–242, 565 A.2d 1156.

The present case is distinguishable. At the heart of this dispute is a question concerning whether mine subsidence caused the damage to Petitioners' home. This is not a purely contractual issue. We held in *Burr* that the EHB has the expertise to effectively deal with such technical matters and concluded that, "when this factor of technical expertise is considered in conjunction with the explicit language of 52 P.S. § 3224.1, we are convinced that jurisdic-

tion over these claims properly lies in the EHB." *Burr*, 125 Pa.Commonwealth Ct. at 480, 557 A.2d at 464.

The Board of Claims maintains that we did not properly apply Section 1933 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1933 when deciding *Burr*. Section 1933 of the Statutory Construction Act of 1972 provides:

> Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

1 Pa.C.S. § 1933. Thus, Section 1933 of the Statutory Construction Act of 1972 contains the two pronged requirement that, in order for general language to control over specific, the general provision must have been enacted later than the special provision *and* the legislature must have intended the general provision to control.[4]

In support of the argument that the Board of Claims has jurisdiction over mine subsidence appeals, the Board of Claims refers to the history of several statutory provisions. The first is Section 16 of the Mine Subsidence Fund Act which originally provided that suit against the fund was to be initiated in the Court of Common Pleas of Dauphin County. In November of 1972, the Mine Subsidence Fund Act was amended and the legislature revised Section 16 to require that suit be brought in this Court rather than Dauphin County. At the same time, Section 24.1 was enacted providing for EHB jurisdiction over appeals from the Subsidence Board. In April of 1978, Section 16 was further amended by the Judiciary Act Repealer Act, Act of

**4.** We note that rules of statutory construction are merely guidelines for determining legislative intent and may not be used to defeat a clear legislative mandate. *See Midboe v. State Farm Mutual Automobile Insurance Co.*, 495 Pa. 348, 359, 433 A.2d 1342, 1348 (1981).

April 28, 1978, P.L. 202, *as amended*, 42 P.S. § 20002(a)[1351], whereby the legislature deleted the reference to suit in Commonwealth Court and specified the application of 42 Pa.C.S. § 761. Pursuant to § 761 this Court does not have jurisdiction over "actions or proceedings conducted pursuant to ... the Board of Claims Act...." 42 Pa.C.S. § 761(a)(1)(iv). In October of 1978, pursuant to Section 4 of the Board of Claims Act, the Board of Claims was vested with exclusive jurisdiction to hear and determine all contract claims against the Commonwealth. Act of May 20, 1937, P.L.728, *as amended*, 72 P.S. § 4651-4. The Board of Claims maintains that this grant of jurisdiction is a special legislative provision, enacted after the general grant of jurisdiction to the EHB, by which the legislature stripped the EHB of jurisdiction of mine subsidence claim disputes and bestowed jurisdiction on the Board of Claims.

While cognizant of the history of Section 16 of the Mine Subsidence Fund Act, we conclude, as did the panel in *Burr*, that the amendments to Section 16 and the enactment of Section 4 of the Board of Claims Act do not manifest a legislative directive that jurisdiction of these claims lay with the Board of Claims. Section 24.1 of the Mine Subsidence Fund Act unequivocally provides that: "Any party aggrieved by an action of the [Subsidence Board] hereunder shall have the right to appeal to the [EHB]." Regarding this section, a panel of this Court stated in *Burr* that,

> Were it not for the fact that 52 P.S. § 3224.1 expressly and unambiguously provides for EHB jurisdiction over the Subsidence Board's actions, we might be persuaded by DER's argument. However, as Section 1933 of the Statutory Construction Act makes abundantly clear, the more specific language of 52 P.S. § 3224.1 must control here in the absence of any manifest intention on the part of the Legislature that the more general provision should control.

*Burr*, 125 Pa.Commonwealth Ct. at 479, 557 A.2d at 464.

When words of a statute are free of ambiguity, the letter of the act should not be disregarded under the pretext of

pursuing its spirit. 1 Pa.C.S. § 1921(b). We agree with Petitioners' contention that to construe Section 24.1 of the Mine Subsidence Fund Act in the narrow manner proposed by the Board of Claims would severely limit an aggrieved subscriber's right to appeal to the EHB. Regarding Section 4 of the Board of Claims Act, which provides for Board of Claims jurisdiction over contractual disputes, we reiterate our finding in *Burr* that these claims "are not simply contract actions, in that they involve a threshold determination of whether or not mine subsidence actually occurred." *Burr*, 125 Pa.Commonwealth Ct. at 479–480, 557 A.2d at 464.

Pa.R.A.P. 1532(b) states in part that "[a]t any time after the filing of a petition for review in an appellate or original matter the court may on application enter judgment if the right of the applicant thereto is clear...." In the present case, Petitioners have the right to an appeal to the EHB.

In their application for summary relief, Petitioners have requested that counsel fees be awarded pursuant to section 3 of the Act of December 13, 1982, P.L. 1127, *as amended*, 71 P.S. § 2033. That section provides in pertinent part that counsel fees may be awarded if the Commonwealth agency initiates an adversary proceeding. Because Petitioners initiated the action in the present case, the act relied upon by Petitioners is inapplicable.

Summary relief is granted in part and denied in part. The orders of the Board of Claims are vacated and jurisdiction is relinquished to the EHB. Request for counsel fees is denied.

## ORDER

AND NOW, this 28th day of June, 1990, the orders of the Board of Claims in the above captioned matter are hereby vacated and the controversy remanded to the Board of Claims with instructions that it be transferred to the Environmental Hearing Board. Summary relief is granted in

part in accordance with the foregoing and denied in part in that Petitioners' request for counsel fees is denied.

Jurisdiction relinquished.