577 A.2d 939

Dale H. CLAPSADDLE and Maryleona Clapsaddle, his wife, and Joseph J. Sopcak and Stephanie R. Sopcak, His wife, Petitioners

v.

COMMONWEALTH of Pennsylvania, BOARD OF CLAIMS, Respondent.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF ENVIRONMENTAL RESOURCES, Petitioner

v.

BOARD OF CLAIMS, Respondent.

Commonwealth Court of Pennsylvania.

Argued Feb. 7, 1990.

Decided June 28, 1990.

Reed B. Day, Peacock, Keller, Yohe, Day & Ecker, Washington, for petitioners, Dale H. Clapsaddle, et al.

Virginia J. Davison, Asst. Counsel, Office of Chief Counsel, Bureau of Hazardous Sites and Superfund Enforcement, Harrisburg, for petitioner, intervenor, Dept. of Environmental Resources.

Franklin L. Bialon, Monessen, for respondent, Bd. of Claims.

Before CRUMLISH, Jr., President Judge, and CRAIG, COLINS, PALLADINO, McGINLEY, SMITH and PELLEGRINI, JJ.

McGINLEY, Judge.

This is an application for summary relief by the Department of Environmental Resources (DER) from an order of the Board of Claims (Board of Claims) which denied the DER's petition to transfer a claim to the Environmental Hearing Board (EHB).[1] The Board of Claims

1. Dale and Leona Clapsaddle and Joseph and Stephanie Sopcak (Claimants) filed a complaint with the Board of Claims after the Mine Subsidence Board of the Department of Environmental Resources denied their mine subsidence insurance claims. While their cases were pending, this Court issued its panel decision in *Department of Environmental Resources v. Burr,* 125 Pa.Commonwealth Ct. 475, 557 A.2d 462 (1989) which held that the EHB is the proper forum for resolution of mine subsidence disputes. Claimants petitioned the Board of Claims to transfer their claims to the EHB. The Board of Claims refused to transfer the claims unless a writ of prohibition

denied the petition to transfer, based on their position that the Board of Claims has exclusive jurisdiction over contractual claims against the Commonwealth. The DER has filed the present application for summary relief so that this Court may entertain DER's petition for review in the nature of a petition for a writ of prohibition, addressed to our original jurisdiction and filed in response to the Board of Claim's refusal to transfer a case to the EHB.

Pa.R.A.P. 1532(b) states in part that "[a]t any time after the filing of a petition for review in an appellate or original matter the court may on application enter judgment if the right of the applicant thereto is clear...." Pursuant to our holding in *Department of Environmental Resources v. Burr*, 125 Pa.Commonwealth Ct. 462, 557 A.2d 462 (1989) and our recently filed decision in *Phillips v. Department of Environmental Resources*, 133 Pa.Commonwealth Ct. 598, 577 A.2d 935 (1990), we find that the right of the DER is clear. The Board of Claims is without jurisdiction to consider the Claimants' appeals and that jurisdiction lies with the EHB. A writ of prohibition is appropriate where the subordinate tribunal has no authority to deal with the subject. *Borough of Akron v. Pennsylvania Public Utility Commission*, 453 Pa. 554, 310 A.2d 271 (1973).

Therefore, the orders of the Board of Claims are vacated and, pursuant to 42 Pa.C.S. § 761(c), the petition for review in the nature of a petition for a writ of prohibition is granted.

## ORDER

AND NOW, this 28th day of June, 1990, the orders of the Board of Claims in the above captioned matters are vacated.

ordering it to do so was issued. Claimants filed a petition for review in the nature of a petition for a writ of prohibition, docketed with this Court at No. 248 Misc.Dkt. 1989, in which the DER has intervened. In addition, the DER has filed an application for summary relief docketed at No. 307 Misc.Dkt. 1989. By order of this Court on October 23, 1989, Nos. 248 and 307 Misc.Dkt. 1989 were consolidated. For purposes of oral argument only, these cases were consolidated with No. 1654 C.D.1989, a case in which the same issues are addressed.

608

The petition for review in the nature of a writ of prohibition is granted and the Board of Claims is hereby ordered to transfer the above captioned claims to the Environmental Hearing Board.

Jurisdiction relinquished.