IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher A. Rogalski,                          :
           Petitioner                 :
                                  :
           v.                          :    No. 464 M.D. 2023
                                  :
Commonwealth of Pennsylvania,          :    Submitted: April 8, 2025
Department of Education, (PSPC),        :
           Respondents              :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE STACY WALLACE, Judge
                HONORABLE MARY HANNAH LEAVITT, Senior Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH             FILED: May 21, 2025


       Before this Court are Preliminary Objections (POs) filed by the Commonwealth of Pennsylvania, Department of Education (PDE) and the Professional Standards and Practices Commission (PSPC) (collectively, Respondents), to an amended Petition for Review (Amended PFR) filed by Christopher A. Rogalski (Petitioner) in this Court's original jurisdiction. Petitioner's Amended PFR seeks declaratory and mandamus relief as well as writs of scire facias and prohibition against Respondents relating to proceedings brought against him pursuant to the Educator Discipline Act (Act).[1] After review, we sustain Respondents' POs and dismiss Petitioner's Amended PFR.

---

[1] Act of December 12, 1973, P.L. 397, *as amended*, 24 P.S. §§ 2070.1a – 2070.18a.

## I. BACKGROUND

Petitioner, an educator, had his teaching permit and teaching employment eligibility suspended by Respondents pursuant to the Act on February 3, 2023. *Rogalski v. Department of Education (PSPC),* No. 345 C.D. 2023 (Pa. Cmwlth. July 12, 2024) (unreported) (*Rogalski I*) at 1. In November 2022, PDE held disciplinary proceedings against Petitioner which resulted in his suspension. Petitioner appealed his suspension to this Court on April 7, 2023. On November 22, 2023, Petitioner filed his Amended PFR with this Court in its original jurisdiction, stating that he filed it "to supplement *Rogalski v. Department of Education*, No. 345 CD 2023 [*Rogalski I*], which is pending before this [C]ourt." (Amended PFR at 1.) On February 15, 2024, Respondents filed POs to Petitioner's Amended PFR. On July 12, 2024, this Court issued its decision in *Rogalski I.* Respondents' POs are now ripe for disposition.

## II. ISSUES

Petitioner's Amended PFR raises four issues. First, Petitioner asserts that this Court should issue a writ of scire facias to order Respondents to show cause why they should not be required to remove false information about him from their website and also annul and expunge an arrest warrant and approval of criminal charges against him. *Id.*, ¶ 47. Second, Petitioner contends he has a clear legal right to a writ of mandamus to compel Respondents to remove all online information posted about him from that website. *Id.*, ¶¶ 48-50. Third, Petitioner requests that this Court issue a writ of prohibition to prohibit PDE from instituting any further disciplinary proceedings against his expired license. *Id.*, ¶ 55. Finally, Petitioner requests that this Court issue a declaratory judgment declaring the Act unconstitutional.

## III. DISCUSSION

"The test for preliminary objections is whether it is clear and free from doubt from all of the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish a right to relief." *Chester Upland School District v. Yesavage,*

653 A.2d 1319, 1321 (Pa. Cmwlth. 1994).  In ruling on POs, we must accept as true all well-pleaded material facts in the petition for review and all inferences reasonably deducible therefrom.  *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010).  We are not required to accept as true any conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion.  *Id.  See also Williams v. Wetzel*, 178 A.3d 920, 923 (Pa. Cmwlth. 2018).  POs should not be sustained unless it "appears[s] with certainty that the law will not permit recovery and any doubt should be resolved by a refusal to sustain them."  *Neeley v. Department of Corrections*, 838 A.2d 16, 19 n.4 (Pa. Cmwlth. 2003).

Pennsylvania Rule of Civil Procedure 1028(a)(4) provides that a party may file POs seeking dismissal of a PFR on grounds of legal insufficiency of the pleading.  With respect to requirements for the content of a PFR, "Pennsylvania is a fact-pleading state."  *Brimmeier v. Pennsylvania Turnpike Commission*, 147 A.3d 954, 967 (Pa. Cmwlth. 2016).  The Pennsylvania Supreme Court has explained that although the Rules of Civil Procedure are to be liberally construed, a PFR "must nonetheless apprise the [respondent] of the claim being asserted and summarize the essential supporting facts."  *Bricklayers of Western Pennsylvania Combined Funds, Inc. v. Scott's Development Company*, 90 A.3d 682, 694 (Pa. 2014).  A party's use of boilerplate allegations defeats the primary purpose of pleading under our rules of procedure and "a failure to adequately plead a claim can and typically does result in the dismissal of the claim and/or cause of action."  *Brimmeier*, 147 A.3d at 967.

*A.  Scire Facias/Failure to Exhaust a Statutory Remedy*

In Part I of his Amended PFR, Petitioner seeks a writ of scire facias to require PDE to show cause as to why it should not be required to remove its immediate suspension of his teaching certificate and employment eligibility, which it published to the PDE website.  (Amended PFR, ¶¶ 37, 38 & 43-47.)  Respondents argue that this claim should be dismissed with prejudice and Petitioner's prayer for relief denied

3

because Petitioner failed to exhaust his administrative remedies. Respondents also contend that Petitioner's request for the issuance of a writ of scire facias is improper. (Respondents' POs, ¶¶ 3-8 & 10-15.)

"The doctrine of exhaustion of administrative remedies is intended to prevent the premature interruption of the administrative process . . . ." *Keystone ReLeaf LLC v. Pennsylvania Department of Health*, 186 A.3d 505, 513 (Pa. Cmwlth. 2018). Moreover, "this doctrine operates as a restraint on the exercise of a court's equitable powers and as a recognition of the legislature's direction to comply with statutorily-prescribed remedies." *Heffner Funeral Chapel & Crematory, Inc. v. Department of State, Bureau of Professional and Occupational Affairs*, 824 A.2d 397, 400 (Pa. Cmwlth. 2003).

With regard to the claim that Petitioner failed to exhaust his administrative remedies, we note that the Act provides that "[u]pon receipt of certified court documents establishing that the charges have been dismissed or otherwise removed[,]" the PSPC "*shall* direct the [PDE] to immediately lift a suspension." 24 P.S. § 2070.9b(a)(1)(iii) (emphasis added). Respondents explain that once this occurs, they will then 1) publish the order online to the PSPC's website indicating that the suspension has been lifted, and 2) the PDE will lift the suspension and reinstate the Petitioner's certificate, thereby establishing his eligibility for employment. The PDE will also publish a notice on its website. Finally, the PDE will modify the language of the public notice of Petitioner's immediate suspension upon receipt of an order expunging the criminal charges. Respondents assert that as of the date of the filing of their POs, Petitioner has yet to take advantage of this administrative remedy, despite being advised of the proper procedure by Respondents. (Respondents' POs, ¶¶ 3-8.)

Petitioner alleges that he forwarded a copy of the trial court's order dismissing all criminal charges against him to the PSCS, but that Respondents have not removed the defamatory online material about him. (Amended PFR, ¶¶ 42, 43.)

4

However, it does not appear that Petitioner presented Respondents with the necessary *certified* copy of the court documents, despite being informed that a certified copy was necessary. (Respondents' POs, ¶ 7.) Petitioner states that he objects to being required to "pay any additional fee or tax to the government to vindicate [his rights to his reputation and privacy] when the government itself is violating it." (Amended PFR, ¶ 45.) Because Petitioner has failed to exhaust his administrative remedies with respect to these allegations, we find he has failed to state a claim upon which relief can be granted.

We also find that issuance of a writ of scire facias is inappropriate in the context of this case. "A *scire facias* proceeding is an action *in rem* that serves to warn the owner [of real property] of the existence of a claim so that he may make any defenses known and show cause why the plaintiff should not have execution." *North Coventry Township v. Tripodi*, 64 A.3d 1128, 1133 (Pa. Cmwlth. 2013). Because neither this claim nor any of Petitioner's other claims involve real property, we find that Petitioner's request for issuance of the writ should also be dismissed for that reason and Respondents' PO to that effect should be sustained.

Finally, we note that Petitioner also seeks to have Respondents "annul and expunge" his arrest warrant as well as the approval of criminal charges against him. (Amended PFR, ¶ 47.) We also dismiss this portion of the amended PFR because it concerns entities that are not parties to this action.

### B. Mandamus/Removal of Information from Respondents' Website

Part II of Petitioner's amended PFR seeks a writ of mandamus compelling Respondents to remove information about him posted on their website. (Amended PFR, ¶ 50.) Respondents' POs dispute Petitioner's claim that he has a clear legal right to compel this action and assert that Petitioner's mandamus claim should be dismissed pursuant to Pa.R.C.P. 1028(a)(4) due to legal insufficiency of the pleading. According to Respondents, the removal of the online information concerning Petitioner's

5

suspension, absent a successful appeal, is not an available form of relief under the Act. (Respondents' POs, ¶¶ 20-23.) They also contend that by asking this Court to remove the online publication of a validly imposed suspension via mandamus, Petitioner effectively requests this Court to short-circuit the need to appeal his underlying suspension. Respondents also claim that PDE has a duty pursuant to the Act not to remove the information about which Petitioner complains because PDE is statutorily mandated to maintain a public online registry of publicly-imposed discipline against educators. *See* 24 P.S. § 2070.15(d). (Respondents' POs, ¶¶ 17-25.)

A writ of mandamus is an extraordinary remedy designed to compel official performance of a ministerial act or mandatory duty. *Evans v. Pennsylvania Board of Probation & Parole*, 820 A.2d 904, 914 (Pa. 2003). "The purpose of mandamus is not to establish legal rights, but to enforce those rights already established." *Id.* at 915. In addition,

> "The burden of proof falls upon the party seeking this extraordinary remedy to establish his legal right to such relief." *Werner v. Zazyczny*, 681 A.2d 1331, 1335 (Pa. 1996). "Mandamus is not used to direct the exercise of judgment or discretion of an official in a particular way." *Clark v. Beard*, 918 A.2d 155, 159 (Pa. Cmwlth. 2007).

*T.G.A. v. Department of Education*, 302 A.3d 830, 839 n.10 (Pa. Cmwlth. 2023) (*en banc*). "Mandamus is the proper remedy only where the plaintiff demonstrates (1) a clear legal right in the petitioner, (2) a corresponding duty in the respondent, and (3) absence of any other appropriate or adequate remedy. . . . Where doubt as to the [Petitioner's] right or the [Respondents'] duty exists, the remedy is neither appropriate nor available." *Equitable Gas Company v. City of Pittsburgh*, 488 A.2d 270, 272-73 (Pa. 1985).

Section 2070.15 of the Act provides, in pertinent part, as follows:

6

(a)     An order of the [PSPC] regarding discipline or reinstatement of an educator may be appealed only by the [PDE] or the educator as an adjudication by a Commonwealth agency in the manner provided by law.

. . .

(d)     The [PSPC] *shall* make all adjudications imposing discipline, . . . available on a publicly accessible Internet website and shall cooperate with the [PDE] in maintaining a central online registry on a publicly accessible Internet website of charter and cyber charter school staff members and contracted educational provider staff members whose eligibility for employment has been suspended, revoked, surrendered or otherwise disciplined pursuant to this act.

24 P.S. § 2070.15 (emphasis added). This section of the Act makes clear Petitioner's lack of entitlement to mandamus in this situation. First, the statute provides that Petitioner's remedy is an appeal to this Court in its appellate jurisdiction, not a writ of mandamus. *See* 24 P.S. § 2070.15(a). The Act also makes clear that Respondents have no duty to remove Petitioner's information from their website, but rather they have a duty under Section 2070.15(d) of the Act to maintain a public online registry of discipline imposed by Respondents against educators such as Petitioner. 24 P.S. § 2070.15(d).

Based on the analysis above, we find that in requesting a writ of mandamus, Petitioner has failed to state a claim upon which relief can be granted. *See* Pa.R.C.P. 1028(a)(4). We therefore sustain Respondents' POs as to this averment of the amended PFR, and accordingly dismiss Petitioner's request for a writ of mandamus.

### C. *Writ of Prohibition/Constitutionality of the Act*

Part III of Petitioner's amended PFR alleges that Respondents have informed him that the PDE intends to revoke his expired teaching license. Arguing

7

that the Act violates the Pennsylvania Constitution, he seeks a writ of prohibition to prevent Respondents from instituting further disciplinary proceedings to revoke his expired teaching license. (Amended PFR at ¶¶ 51, 52 & 55.) Petitioner asserts that "the Commonwealth has no compelling interest to regulate expired licenses" and that the Act violates the Pennsylvania Constitution. He further contends that the Act "lacks a rational basis since it employs legal fictions to declare that . . . a person with an expired teaching license is a danger to the Commonwealth's schools, that people who have not been indicted by a jury have been indicted, etc., and undeniably has resulted in a state[-]wide teacher shortage." *Id.*, ¶¶ 53 & 55.

Respondents assert that the request for a writ of prohibition fails to state a claim upon which relief can be granted under Pa.R.C.P. 1028(a)(4). This is because under the Act, PDE has clear jurisdiction to investigate misconduct complaints and to initiate disciplinary proceedings, while PSPC as adjudicator has the sole authority to direct PDE to impose discipline against educators who possess both active and expired emergency permits. Respondents cite to the following provisions of the Act and regulations: 24 P.S. §§ 2070.1b, 2070.5(a)(11.1); 22 Pa. Code 49.2(b), 49.33. (Respondents' POs, ¶¶ 31-34.)

"A writ of prohibition, the purpose of which is to protect a party from enduring a hearing or trial before a tribunal that has absolutely no power to deal with the subject matter before it, is an extraordinary remedy that lies within the court's discretion and will be issued only with extreme caution." *Independence Blue Cross v. Pennsylvania Insurance Department*, 670 A.2d 221, 223 (Pa. Cmwlth. 1996). To demonstrate entitlement to the writ, the party seeking it must establish "that it has an extreme necessity for such a remedy and that there exists no other adequate remedy at law." *Id.* When an administrative agency is involved, the writ "will be issued only if an agency has made a clearly erroneous judgment as to its jurisdiction." *Id.* Respondents claim that PDE clearly has jurisdiction under the Act to investigate

8

educator misconduct complaints and initiate disciplinary proceedings against Petitioner. (Respondents' POs, ¶¶ 33-34.) We agree with Respondents that Petitioner has not met his burden of establishing his entitlement to a writ of prohibition.

In addition, as previously noted, on July 12, 2024, this Court issued its decision in *Rogalski I*, in which Petitioner petitioned for review of the February 3, 2024 order entered by the PSPC, which directed PDE to suspend his teaching permit and eligibility for employment as a teacher under the Act. This Court affirmed the PSPC's order suspending Petitioner's teaching permit and eligibility to be employed as a teacher under the Act. In that appeal, Petitioner also argued that Respondents lacked jurisdiction over him because his teaching permit has expired.

In *Rogalski I*, this Court found that Respondents did have jurisdiction over educators who held an expired permit, stating:

> Generally, the Act protects "children from the alleged perpetrator during the pendency of the litigation so as to not allow them to be subject to the crimes involved." In furtherance of this policy, the Act empowers the [PSPC] to order [PDE] "to discipline any educator" in accordance with Section 9.2 to 9.5 of the Act, 24 P.S. §§ 2070.9b to 2070.9e. Section 5(a)(11.1) of the Act added by the Act of December 20, 2000, P.L. 918, 24 P.S. § 2070.5(a)(11.1).
>
> "Educator" is defined as "a person who holds a certificate . . . ." Section 1.2 of the Act, added by the Act of December 20, 2000, P.L. 918, 24 P.S. 2070.1b. "Certificate" includes any "permit" that is invalid or inactive. *Id.* (citing 22 Pa. Code § 49.2). An "invalid" permit includes permits that have expired, such as an "emergency" teaching permit that expires at the end of summer school. 22 Pa. Code §§ 49.2, 49.22.

*Rogalski I* at slip op. at 8.

This Court then stated

> [T]he legislature amended the Act to expand the scope of the [PDE's] jurisdiction to include educators with expired

9

permits. The basis for this amendment was the concern that educators with expired permits could escape discipline for actions that occurred while they were temporarily licensed. Unlike emergency permits, generally, a regular certificate is valid for five years. 22 Pa. Code § 49.11(a). In order for a teaching certificate to remain active, an educator must comply with various continuing education requirements. *Id.* It appears the Act treats all certificates equally for purposes of disciplinary proceedings. *See* Section 9 of the Act, added by the Act of December 14, 1989, P.L. 612, 24 P.S. § 2070.9.

*Id.*, slip op. at 8 n.12. The Court concluded by stating that "[t]hus, the [PDE] may discipline any person who has an expired emergency teaching permit that has been indicted for corruption of minors. *See* Sections 1.2 and 5(a)(11.1) of the Act, 24 P.S. §§ 2070.1b, 2070.5(a)(11.1); 22 Pa. Code §§ 49.2, 49.33." *Id.*, slip op. at 9. Respondents are correct when they assert that "Petitioner held an active emergency permit, which has since expired, and was working as a teacher in a public school in the Commonwealth at the time of his alleged criminal conduct involving a minor student, making him an 'educator' under the Act." (Respondents' POs, ¶¶ 32, 33.) Based on this analysis, we sustain Respondents' PO and dismiss Part III of Petitioner's Amended PFR seeking a writ of prohibition.

*D. Declaratory Judgment/Facial Attack on the Constitutionality of the Act*

Throughout the Amended PFR Petitioner refers to violations of his constitutional right to commercial free speech, (Amended PFR, ¶ 8), his right to freedom of association, and his right to earn a living. *Id.*, ¶ 28. He also alleges a right not to have his reputation and right to privacy damaged by disciplinary proceedings. *Id.*, ¶¶ 30 & 45. At the conclusion of his amended PFR, Petitioner requests two declaratory judgments. His first request is to have this Court declare the Act unconstitutional, "as it lacks a rational basis, has caused a statewide teaching shortage, and is contrary to Petitioner's constitutional rights as stated above, which exceed any

10

right of the Commonwealth." *Id.*, ¶ 56. His second request is to have "this [C]ourt declare District Justice Daniel Baranoski's May[] 9, 2022 arrest warrant of Petitioner unlawful and invalid for the foregoing reasons, and order its expungement from all official records of the Commonwealth related to Petitioner's criminal record." (Amended PFR, ¶ 57.)

Section 7532 of the Declaratory Judgments Act, 42 Pa.C.S. § 7532, grants courts of record the "power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." The purpose of the Declaratory Judgments Act is to "afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations and [it] is to be liberally construed and administered." 42 Pa.C.S. § 7541(a). Pursuant to 42 Pa.C.S. § 7541(c)(3), "[r]elief by declaratory judgment is not available with respect to a proceeding involving an appeal from an order of a tribunal." With respect to this rule, Respondents argue that a declaratory judgment is not available because Petitioner raised the issue of the constitutionality of the Act before this Court in his appeal of the PSC's order imposing the immediate suspension of his teaching certificate and employment eligibility. (Respondents' POs, ¶¶ 45 & 46.)

In addition to discussing the inappropriateness of Petitioner's request for a declaratory injunction, Respondents argue that Petitioner's allegations that the Act is unconstitutional on its face because it lacks a rational basis is without merit. They assert that the Act simply creates an administrative process for the investigation, discipline and even reinstatement of teaching certifications, *Id.*, ¶ 55, and that this Court has already upheld the revocation sanction as a rational exercise of the Commonwealth's police power in *R.W. v. Department of Education (PSPC)*, 304 A.3d 79, 90 (Pa. Cmwlth. 2023.) *Id.* at ¶ 56.

With respect to the constitutionality of the Act, we find our reasoning in *Rogalski I* persuasive, and we adopt it here. In *Rogalski I*, we rejected Petitioner's

11

assertion that the Act is unconstitutional on its face. We summarized his allegations regarding the Constitutionality of the statute there as follows:

> Rogalski contends the Act has no rational basis since it violates multiple constitutional rights and contributes to a teaching shortage. More specifically, in his view, there is no rational basis for [PDE] to discipline him after his permit expired. He asserts that [PDE] instead should have declined to renew his permit instead of "suspending" an expired permit. Rogalski argues that the Department cannot establish any "compelling state interest" or rational basis in suspending an expired permit.

*Rogalski I ,* slip op. at 14 (internal citations omitted.) These are the same allegations he asserts in the amended PFR. In his appellate case, this Court stated:

> "The rational basis test requires that a law must not be unreasonable, unduly oppressive or patently beyond the necessities of the case, and the means which it employs must have a real and substantial relation to the objects sought to be attained." *T.G.A. v. Department of Education*, 302 A.3d [at] 840[] (holding that the [PDE's] maintenance of an educator's "discipline history is rationally related to the ongoing safety of school students and staff," and survives the "rational basis test"), *appeal filed* (Pa., No. 21 WAP 2023, filed Oct. 11, 2023). "As long as there is a basis for finding that the statute is rationally related to a legitimate state interest, the statute must be upheld." *R.W. v. Department of Education*, 304 A.3d 79, 91 (Pa. Cmwlth. 2023) (*en banc*) (citation omitted) (holding that the right to be a teacher must yield to the state's legitimate interests in regulating the profession and "safeguarding school students and staff" under the Act), *appeal granted* (Pa., No. 284 WAL 2023, filed June 25, 2024).
>
> Here, we agree with our prior decisions that [PDE] has a legitimate interest in disciplining teachers and safeguarding students. *See id.* Such a legitimate interest includes teachers operating under temporary emergency permits. The fact that Rogalski's permit expired did not bar [PDE] from

12

disciplining him for actions predating the permit's expiration. *See id.*

For these reasons, we affirm the [PSPC]. In sum, we hold the [PSPC] correctly ordered the immediate suspension of Rogalski's eligibility notwithstanding the expiration of his emergency teaching permit. Rogalski is due no relief on any of his constitutional claims, either for lack of merit or insufficient development. Finally, we hold the Act survives the rational basis test because Pennsylvania has a legitimate state interest in disciplining teachers with expired permits.

*Id.*, slip op. at 14-15.

## IV. CONCLUSION

Based on the forgoing discussion, we sustain each of Respondents' POs. Accordingly, we dismiss Petitioner's amended PFR.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher A. Rogalski,      :
         Petitioner      :
                            :
         v.            :    No. 464 M.D. 2023
                            :
Commonwealth of Pennsylvania,      :
Department of Education, (PSPC),      :
         Respondents      :

## ***ORDER***

AND NOW, this 21st day of  May, 2025, Respondents' Preliminary Objections to Petitioner's Amended Petition for Review are sustained and the Amended Petition for Review is dismissed.

_____
PATRICIA A. McCULLOUGH, Judge